IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

BRUSHA MOORE,

Plaintiff, Pro Se

v.

MY POSSIBILITIES FOUNDATION,

Defendant

CASE NO. 4:25-cv-00586-SDJ-AGD

# PLAINTIFF'S RULE 59(e) MOTION FOR RECONSIDERATION AND

# RULE 60(d)(3) MOTION TO VACATE DUE TO FRAUD ON THE COURT

### I. PRELIMINARY STATEMENT

Plaintiff respectfully moves this Court to:

1. Reconsider its June 26, 2025 Order pursuant to Federal Rule of Civil Procedure 59(e);

2. Vacate the Order under Rule 60(d)(3) due to fraud upon the court;

3. Impose sanctions under Rule 26(g)(3) and 28 U.S.C. § 1927 for litigation misconduct.

Defense Counsel's submission of fabricated evidence has irreparably compromised the integrity of these proceedings. Judicial relief is not discretionary — it is constitutionally required.

## II. SUPPLEMENTED STATEMENT OF MATERIAL FACTS

### A. Timeline of Fraud

| Date | Event |
|---|---|
| May 30, 2025 | "2025 Employee Handbook" fabricated — digitally created post-resignation |
| June 25, 2025 | Handbook served in Defendant's Rule 26(a)(1) disclosures |
| June 26, 2025 @ 10:38 AM | Plaintiff submits forensic metadata report (Ex. E) |
| June 26, 2025 @ 11:29 AM | Plaintiff submits employee declaration affirming no handbook existed (Ex. B) |
| June 26, 2025 @ 11:59 AM | Court issues Order without addressing fraud evidence |

### B. Post-Order Admission by Defense Counsel

On June 27, 2025, Defense Counsel Stephanie F. Erhart admitted in writing that the handbook served was "not the applicable handbook." She failed to withdraw the disclosure or notify the Court — a clear violation of Rule 26(g) and ethical rules.

---

## III. LEGAL GROUNDS FOR RELIEF

### A.

**Fraud Upon the Court – Rule 60(d)(3)**

Under Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244–45 (1944), fraud on the court requires vacatur where:

1. Counsel intentionally fabricates material evidence;

2. The fraud precedes the Court's ruling;

3. The misconduct compromises judicial integrity.

Here, all three prongs are met. The June 27 email (Ex. D) confirms actual knowledge of the fraud.

**B.**

**Manifest Error – Rule 59(e)**

Under Templet v. HydroChem Inc., 367 F.3d 473 (5th Cir. 2004), reconsideration is warranted when:

1. Newly presented evidence would alter the outcome;

2. The court overlooked dispositive facts.

The Court issued its Order without addressing the two critical filings entered minutes prior — both confirming fabrication.

**C.**

**Inherent Sanctions – Chambers v. NASCO, 501 U.S. 32 (1991)**

Sanctions are proper where counsel abuses the judicial process through willful deceit, including submission of falsified documents in discovery. Counsel's failure to correct falsehoods further amplifies the misconduct.

---

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. VACATE the June 26, 2025 Order pursuant to Rule 60(d)(3);

2. STRIKE Defendant's Rule 26(a)(1) disclosures pursuant to Rule 26(g)(3);

3. ORDER a hearing within 7 days directing:

   - Defendant to show cause why default judgment should not be entered;

   - Defense Counsel to show cause why she should not be:

     - Referred to the Texas State Bar;

     - Sanctioned under 28 U.S.C. § 1927;

     - Disqualified from further representation in this matter.

4. AWARD Plaintiff the following:

   - All out-of-pocket costs for forensic analysis ($____, upon affidavit);

   - Reasonable attorney-equivalent fees for pro se representation (Kay v. Ehrler, 499 U.S. 432);

   - All costs and fees permitted under Rule 26(g)(3).

## V. EVIDENCE APPENDIX

| Exhibit | Description |
| --- | --- |
| **A** | **Plaintiff's copy of the authentic May 2024 Employee Handbook (Dkt. 39)** |
| **B** | **Sworn Declaration of current employee confirming no 2025 handbook was distributed** |

| | |
|---|---|
| C | June 25, 2025 email from Defense attaching falsified handbook in disclosures |
| D | June 27, 2025 email from Defense Counsel admitting the handbook is inapplicable |
| E | PDF metadata/IP report confirming post-resignation creation of handbook |
| F | Rule 26(g) certification signed by Defense Counsel certifying falsified disclosure |

## VI. CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on June 30, 2025, via CM/ECF and certified mail upon:

Stephanie F. Erhart

Pappas Grubbs Price, P.C.

3838 Oak Lawn Avenue, Suite 250

Dallas, TX 75219

serhart@pappasgrubbs.com

---

**Respectfully submitted,**

**/s/ Brusha Moore**

**Brusha Moore, Pro Se**

**Frisco, TX 75033**

**brushalmoore@gmail.com**

**(214) 315-1359**