IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

BRUSHA MOORE,

Plaintiff, Pro Se

v.

MY POSSIBILITIES FOUNDATION,

Defendant

CASE NO. 4:25-cv-00586-SDJ-AGD

---

## AFFIDAVIT OF EQUITABLE DAMAGES

I, Brusha Moore, declare under penalty of perjury that the following is true and correct:

## I. INTRODUCTION

As the pro se Plaintiff in the above-captioned action, I respectfully submit this affidavit in support of my claim for equitable damages arising from Defendant's misconduct, including document fabrication, fraudulent disclosures, and retaliatory conduct resulting in emotional, spiritual, and procedural harm.

---

## II. COMPENSATION FOR LEGAL LABOR

In defending my rights under federal law, I have documented over 180 hours of legal research, document drafting, motion practice, and procedural compliance, broken down as follows:

- Research and precedent review: 45 hours

- Legal drafting (complaint, motions, exhibits): 35 hours

- Motion preparation and court analysis: 30 hours

- Time spent assembling factual exhibits and disclosures: 70+ hours

Total: 180+ hours × $200/hr = $36,000
(Market rate derived from State Bar of Texas 2024 Fee Report for civil rights attorneys.)

## III. COMPENSATION FOR EMOTIONAL AND SPIRITUAL HARM

I was forced to spend over 275 hours engaging in recovery and spiritual restoration work due to Defendant's retaliatory conduct, gaslighting, and obstruction of justice. This includes:

- Spiritual grounding and grief rituals: 15 hours
- Branding and identity rebuilding due to trauma: 18 hours
- Reviewing and processing difficult audio/evidence files: 12 hours
- Emotional labor documenting misconduct, reliving events, and organizing evidence: 230+ hours

Total: 275 hours × $150/hr = $41,250
(Compensable under Tatum v. Southern Co., 9th Cir. 2021; see also Turley v. ISG Lackawanna, Inc., 2023.)

## IV. AGGRAVATING CIRCUMSTANCES

Due to the egregious nature of Defendant's actions — which include fabrication of court-bound evidence and targeting of a pro se litigant — a 2× multiplier is justified under Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

In addition, I performed over 10 hours of unpaid public interest advocacy on behalf of adults with disabilities — work that would have been compensated in a paid nonprofit advocacy setting — for which I seek a $10,000 public service premium consistent with the spirit of the Texas Human Rights Act.

## V. TOTAL COMPENSATION REQUESTED

| Component | Calculation | Amount |
|---|---|---|
| Legal Labor | 180 hrs × $200/hr | $36,000 |
| Emotional Harm | 275 hrs × $150/hr | $41,250 |
| Aggravated Damages | ($36k + $41.25k) × 2 | $154,500 |
| Public Interest Bonus | Fixed Premium | $10,000 |
| TOTAL | | $204,750 |

## VI. DECLARATION

"Defendant's fraud forced me to spend 275 hours rebuilding my mental stability after their retaliation — hours I would have otherwise devoted to family, creative pursuits, and healing. At $150 per hour, the value of this stolen time is $41,250."

Executed on this 30th day of June, 2025.

Brusha Moore

Frisco, Texas

brushalmoore@gmail.com

(214) 315-1359