UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

BRUSHA MOORE,

Plaintiff, Pro Se

v.

MY POSSIBILITIES FOUNDATION,

Defendant

Civil Action No. 4:25-cv-00586-SDJ-AGD

## PLAINTIFF'S CORRECTED FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Brusha Moore, appearing pro se, respectfully submits this Second Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, to supplement factual allegations, correct the record concerning fabricated discovery materials, and preserve issues of fraud and misconduct affecting the integrity of this proceeding.

### I. PARTIES

1. Plaintiff Brusha Moore is a resident of Frisco, Texas 75036.

2. Defendant My Possibilities Foundation is a Texas nonprofit corporation with its principal office located in Plano, Texas.

### II. JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367. This action arises under:

    - Title VII of the Civil Rights Act (42 U.S.C. § 2000e),
    - Americans with Disabilities Act (42 U.S.C. § 12101 et seq.),
    - False Claims Act (31 U.S.C. § 3730),
    - Sarbanes-Oxley Act (18 U.S.C. § 1514A),
    - Federal Rules of Civil Procedure, including Rule 11, Rule 26, Rule 37, and Rule 60(d)(3),
    - and supplemental Texas common law claims.

## III. VENUE

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the unlawful conduct and events giving rise to this action occurred in this District.

## IV. FACTUAL ALLEGATIONS

5. Plaintiff was employed as a Lifelong Learning Coordinator at My Possibilities from January 21, 2025, until April 10, 2025.

6. During her employment, Plaintiff reported multiple protected concerns including:

    - Unsafe working conditions (e.g., mold exposure, lack of restrooms),
    - Discriminatory workload assignments,
    - Retaliation for internal complaints,

- Misuse of Medicaid and government funds.

7. Plaintiff, the only Black woman in a managerial role, was assigned heavier workloads than her white peers and denied breaks and administrative authority. These disparities were raised internally and documented via contemporaneous emails.

8. On April 9, 2025, Plaintiff submitted an internal complaint to upper management and to Dawn Cavil, My Possibilities' Chief People Officer, outlining racial discrimination and Medicaid billing violations.

9. On April 10, 2025, Plaintiff was constructively discharged after retaliation intensified and complaints went ignored.

10. On June 25, 2025, Defendant's counsel submitted a fabricated "April 21, 2025 Employee Handbook" to Plaintiff through Rule 26(a)(1) initial disclosures. The document was attached to a doctored email, purporting to show it was contemporaneously shared with Plaintiff.

11. Metadata and forensic evidence (see Exhibit T and U) reveal the April 21, 2025 handbook was created after Plaintiff's resignation and falsely backdated. The email transmission was altered post hoc to mislead the Court into believing the document was contemporaneously issued.

12. My Possibilities' Human Resources Department later confirmed that the only valid handbook in effect during Plaintiff's employment was dated May 2024, proving the April 2025 version is falsified.

13. The fabricated handbook and doctored email were certified under Rule 26(g) by defense counsel Stephanie Erhart, who was later directly confronted about the false disclosure. Rather than correct the misconduct, she retaliated against Plaintiff by instructing her not to contact material witnesses, further obstructing access to truth.

14. This conduct constitutes fraud on the court, material misrepresentation, and obstruction under 18 U.S.C. § 1512(c), as well as violations of FRCP 11(b), 26(g), 37(c)(1), and 60(d)(3).

---

## V. POST-TRANSFER DEVELOPMENTS

15. Since transfer to this Court:

- Defense fabricated an employee handbook dated April 21, 2025 (Exhibit T),

- Forensic review confirmed post-resignation metadata creation (Exhibit U),

- Accompanying email was doctored to simulate contemporaneous distribution (Exhibit W-5),

- Defense counsel certified all disclosures under Rule 26(g),

- The falsified materials were used to retaliate and interfere with witness access.

## VI. CAUSES OF ACTION

Count 1 – Retaliation (Title VII)

Count 2 – Whistleblower Retaliation (SOX, 18 U.S.C. § 1514A)

Count 3 – Constructive Discharge

Count 4 – Fraudulent Misrepresentation (Texas Common Law)

Count 5 – FCA Retaliation (31 U.S.C. § 3730(h))

Count 6 – Evidence Fabrication / Obstruction (18 U.S.C. § 1512(e), SOX § 806)

Count 7 – Fraud on the Court (Rule 60(d)(3), Rule 37(c)(1))

Count 8 – Certification Fraud (Rule 26(g), Rule 11(b))

## VII. DAMAGES

Plaintiff seeks the following:

- Back Pay and Front Pay: $500,000

- Emotional Distress: $400,000

- Whistleblower Bounty (20% of Medicaid recovery): $200,000

- Pro Se Litigation Fees (180 hrs × $200/hr): $36,000
- Fraud Sanctions under Chambers v. NASCO: $100,000

Total Demand: $1,236,000

---

## VIII. REFERENCED EXHIBITS

| Exhibit | Description | Filing Location |
|---|---|---|
| S | EEOC Right-to-Sue Letter (IMG_4560) | Original Complaint (Dkt. #1) |
| X | Fabricated Handbook with Metadata | Motion for Reconsideration (Dkt. 40) |
| E | Forensic Report Verifying Date of Creation | Motion for Reconsideration (Dkt. 40) |
| X | Doctored Email Showing Fabricated Disclosure Transmission | Motion for Sanctions (Dkt. 46) |

## IX. PRAYER FOR RELIEF

Plaintiff respectfully requests:

1. Judgment in her favor on all claims;
2. All economic and compensatory damages;

3. Adverse inference and sanctions under Rule 37;

4. Disqualification of defense counsel for fraud;

5. Referrals to DOJ and State Bar for investigation;

6. All other relief the Court deems just and proper.

---

Respectfully submitted,

Brusha Moore

Frisco, TX 75036

brushalmoore@gmail.com

Dated: July 22, 2025